UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOSEPH-HARVEY E.,

        Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.

Case No. C21-5771 TLF

ORDER REVERSING AND REMANDING DEFENDANT'S DECISION TO DENY BENEFITS

Plaintiff has brought this matter for judicial review of defendant's denial of his applications for disability insurance and supplemental security income (SSI) benefits.

The parties have consented to have this matter heard by the undersigned Magistrate Judge. 28 U.S.C. § 636(c); Federal Rule of Civil Procedure 73; Local Rule MJR 13.

## I.    ISSUES FOR REVIEW

A. Whether the ALJ erred at step two of the sequential evaluation.

B. Whether the ALJ properly evaluated plaintiff's subjective symptom testimony.

C. Did the ALJ err by incorporating into the RFC some, but not all, of the plaintiff's limitations?

D. Did the ALJ err by finding plaintiff could perform other work at step five?

E.  Whether the Court should remand for additional proceedings.

## II. BACKGROUND

On October 3, 2017, plaintiff protectively filed a Title II application for disability insurance benefits (DIB) and a Title XVI application for supplemental security income ("SSI"), alleging in both applications a disability onset date of May 10, 2016. Administrative Record ("AR") 262-68. Plaintiff's applications were denied upon official review and upon reconsideration. *See* AR 74–92, 114-34. A hearing was held before Administrative Law Judge ("ALJ") Cynthia D. Rosa on November 16, 2020. *See* AR 46–71. On December 18, 2020, ALJ Rosa issued a decision finding that plaintiff was not disabled. AR 13–40. On August 24, 2021, the Social Security Appeals Council denied Plaintiff's request for review. AR 1–7.

Plaintiff seeks judicial review of the ALJ's December 18, 2020 decision. Dkt. 12.

## III. STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of Social Security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (internal citations omitted); *Woods v. Kijakazi*, __ F.4th __, No. 21-35458, 2022 WL 1195334, Slip Op. at 6 (9th Cir. April 22, 2022).

## IV. DISCUSSION

In this case, the ALJ found that plaintiff the had the following severe impairments: obesity, fibromyalgia, right knee osteoarthritis, migraine headaches due to occipital

neuralgia, major depressive disorder, generalized anxiety disorder, and chronic obstructive pulmonary disease with asthma. AR 18. Based on the limitations stemming from these impairments, the ALJ found that plaintiff could perform a reduced range of light work. AR 23. Relying on vocational expert ("VE") testimony, the ALJ found at step four that plaintiff could not perform his past relevant work, but could perform other light, unskilled jobs at step five of the sequential evaluation; therefore, the ALJ determined at step five that plaintiff was not disabled. AR 32-33.

### A. Whether the ALJ Erred at Step Two of Sequential Analysis

At step two of the sequential evaluation, the ALJ must determine if the claimant suffers from any medically determinable impairments that are "severe." 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). An impairment is not considered to be "severe" if it does not "significantly limit" a claimant's mental or physical abilities to do basic work activities. 20 C.F.R. §§ 404.1520(c), 416.920(c); Social Security Ruling ("SSR") 96-3p. Basic work activities are those "abilities and aptitudes necessary to do most jobs." 20 C.F.R. §§ 404.1522(b), 416.922(b); SSR 85-28. An impairment is not severe if the evidence establishes only a slight abnormality that has "no more than a minimal effect on an individual[']s ability to work." SSR 85-28; *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996).

#### 1. HIV and Neuropathy

Plaintiff first argues that the ALJ erred by failing to find at step two of the sequential analysis that plaintiff had the severe impairments of HIV and neuropathy. Dkt. 11, p. 5–7.

1        Here, the ALJ declined to find that plaintiff had the severe impairment of HIV and
2 neuropathy, because even though plaintiff has been treated or evaluated for HIV
3 infection, the overall record shows that plaintiff has only experienced transient and mild
4 symptoms lasting less than a year and the symptoms are well controlled with treatment.
5 AR 19.
6        Step two "is not meant to identify the impairments that should be taken into
7 account when determining the RFC." *Buck v. Berryhill*, 869 F.3d 1040, 1048-49 (9th Cir.
8 2017) (rejecting claim that ALJ erred after second hearing, where ALJ found
9 new severe impairments but did not change RFC). An ALJ assessing a claimant's RFC
10 "must consider limitations and restrictions imposed by all of an individual's impairments,
11 even those that are not 'severe.'" *Buck*, 869 F.3d at 1049 (citing Titles II & XVI:
12 Assessing Residual Functional Capacity in Initial Claims, Social Security Ruling ("SSR")
13 96-8p. The RFC therefore "should be exactly the same regardless of whether
14 certain impairments are considered 'severe' or not" at step two. *Id.* Thus, in many cases
15 an error in not finding an impairment "severe" at step two is harmless. *See id.*; *Stout v.*
16 *Comm'r Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006).
17        In this case, the alleged error is harmless because the ALJ considered HIV and
18 neuropathy in determining plaintiff's RFC, and substantial evidence supports the ALJ's
19 decision that no limitations relating to HIV or neuropathy should be included in the RFC.
20 For example, the ALJ found that evidence suggests that plaintiff's HIV does not cause
21 his laze (AR 28) and that Cheryl Einerson, ARNP, opined that plaintiff's HIV infection
22 causes no functional limitations. AR 31. Plaintiff has not shown how the ALJ's step two
23 consideration of neuropathy and HIV, and decision that these were non-severe
24
25

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS - 4

1  impairments, caused any harmful error. *Buck v. Berryhill*, 869 F.3d 1040, 1048-49 (9th Cir. 2017).

### 2. Degenerative Disk Disease of the Back, Chronic Fatigue Syndrome, Chronic Liver Disease

Plaintiff also argues the ALJ erred by failing to find at step two that plaintiff had the severe impairments of degenerative disk disease of the back, chronic fatigue syndrome, and chronic liver disease. Dkt. 12, pp. 6–7. The Commissioner argues that this was harmless error. The ALJ considered these impairments in determining the RFC, therefore the ALJ's error was harmless. AR 22-23, 25-27, 29, 30. *Buck v. Berryhill,* at 1048-1049.

### B. Plaintiff's subjective symptom testimony

To reject a claimant's subjective complaints, the ALJ's decision must provide "specific, cogent reasons for the disbelief." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995) (citation omitted). The ALJ "must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Id*.; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993). Unless affirmative evidence shows the claimant is malingering, the ALJ's reasons for rejecting the claimant's testimony must be "clear and convincing." *Lester*, 81 F.2d at 834. "[B]ecause subjective descriptions may indicate more severe limitations or restrictions than can be shown by medical evidence alone," the ALJ may not discredit a subjective description "solely because it is not substantiated affirmatively by objective medical evidence." *Robbins v. Social Sec. Admin.*, 466 F.3d 880, 883 (9th Cir. 2006).

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS - 5

1. Migraines and Anxiety

The ALJ discounted plaintiff's testimony about his migraines and anxiety because they were controlled by medication. *See* AR 20-21, 28. The ALJ also discounted plaintiff's assertions about his anxiety because the statements were inconsistent with objective medical evidence largely attributable to situational stressors. *Id.*

Plaintiff testified that he experiences 15 to 20 migraines a month, each one lasting anywhere from one to four days, and that he addresses them through medications and sleeping. AR 60-61. In a function report, plaintiff stated that his migraines cause "nausea, vomiting, blurry vision, and burning limbs," which prevents him from working. *See* AR 328.

As to his mental symptoms, plaintiff testified that social anxiety prevents him from working full time. AR 56.

Regarding the ALJ's first reason, "evidence of medical treatment successfully relieving symptoms can undermine a claim of disability." *Wellington v. Berryhill*, 878 F.3d 867, 876 (9th Cir. 2017). Here, in discounting plaintiff's testimony about his migraines and anxiety, the ALJ pointed to treatment notes stating that plaintiff was doing well under his medication regimen. AR 558, 565-566 (Report by ARNP Lauren Wilhelmi dated 12-20-2018).

These treatment notes, related to plaintiff's anxiety, provide substantial evidence to support the ALJ's decision to discount plaintiff's testimony about how his anxiety prevents him from working. Although the ALJ provided other reasons to discount plaintiff's testimony regarding his anxiety, the Court need not consider whether those remaining reasons contained error. *See Carmickle v. Commissioner, Social Sec.*

*Admin.,* 533 F.3d 1155, 1162 (9th Cir. 2008) (citation omitted) (concluding "the ALJ's decision finding [the claimant] less than fully credible is valid" despite some errors because the ALJ gave legally sufficient reasons to reject plaintiff's testimony).

Regarding migraines, the Commissioner points to Dr. Hamburg's note stating that plaintiff's "headaches are controlled with current treatment plan." AR 31; 1665. The Commissioner also points to the medical opinions of Dr. Staley, Dr. Hale, and Dr. Madsen because they do not mention any limitations relating to plaintiff's migraines. Dkt. 13, pp. 9–10. But the ALJ may not discredit a subjective description "solely because it is not substantiated affirmatively by objective medical evidence." *Robbins*, 466 F.3d at 883.

Moreover, Dr. Madsen also found that plaintiff's current treatment for his migraines has led to "some improvement" but his migraines remain "very disruptive at 10-12 episodes per month with one hour to four days of incapacitation." AR 551 (Evaluation Report dated 8-25-2018). The ALJ's decision to discount plaintiff's testimony about his migraines on the basis that they were controlled with medication is not supported by substantial evidence, and the reasons given by the ALJ are not clear and convincing. Therefore, the ALJ committed error. *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993) (ALJ is required to identify facts in the record demonstrating that plaintiff is in less pain than they claim).

2. Use of a Cane

Plaintiff also testified that he has "mobility issues" and "can't stand straight," and that he must use a cane every day. *See* AR 60-61. The ALJ discounted plaintiff's

1 testimony because (1) no medical source prescribed the use of a cane and (2) it
2 conflicted with plaintiff's daily activities. AR 22, 28.

3       The Ninth Circuit has held that an ALJ does not err in discounting a plaintiff's
4 subjective testimony about the use of a cane when the device has not been prescribed.
5 *See Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002). Plaintiff points out that Dr.
6 Staley, Dr. Hale, and Dr. Madsen have all commented plaintiff's use of a cane, but none
7 have prescribed the device to plaintiff. *See* Dkt. 12, pp. 8–10. The record also does not
8 include any other medical sources prescribing a cane for plaintiff, contrary to plaintiff
9 testifying that Dr. Jeannette Aldous had assigned one. *See* AR 61, 132, 319-27.  The
10 ALJ has provided a valid reason, supported by substantial evidence, to discount
11 plaintiff's testimony about the need for a use of a cane. The Court need not further
12 analyze whether the ALJ erred in discounting plaintiff's testimony about the use of a
13 cane because it was consistent with his daily activities. *See Carmickle*, 533 F.3d at
14 1162.

16   C. <u>Whether the ALJ Erred with the RFC Determination</u>

17       Plaintiff argues that the ALJ erred by failing to properly incorporate the limitations
18 of the state agency consultants in the residual functional capacity (RFC) determination
19 in light of the fact that she found their opinions "persuasive." Dkt. 12, pp. 3–12; AR 29.
20 Specifically, plaintiff argues that the ALJ should have incorporated the findings from the
21 opinions that plaintiff: (1) is limited to sedentary work, (2) requires a cane, and (3) can
22 only adapt to "routine changes." Dkt. 12, pp. 3–12.

In evaluating the medical opinions, the ALJ found both the initial and reconsideration State agency opinions "persuasive" and explained that "the residual functional capacity accounts for limitations identified by these consultants." AR 29. The state agency consultants in the record include: Dr. Brown (AR 89), Dr. Staley (AR 106), Dr. Hale (AR 129), Dr. Comrie (AR 125).

First, plaintiff argues that the ALJ failed to include into plaintiff's RFC the "sedentary" limitation that Dr. Hale opined would be plaintiff's working capacity. Dkt. 12, pp. 3–4.

Dr. Hale conducted a review of plaintiff's medical records on the reconsideration level. AR 114-129. Explaining the RFC assigned to plaintiff, Dr. Hale wrote the following:

> Light as opined at initial review. . by Norm Staley, MD on 09-28-19. . . Apparently, the claimant's + HIV status and treatment were not considered in the initial determination. The claimant's reported fatigue/lack of energy may well be explained by his HIV and side effects of treatment, in addition to his known other conditions. I agree with sedentary work capacity applied retroactively to initial and continued on recon.

AR 129.

In pertinent part, the ALJ included the following physical limitations in plaintiff's RFC:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except they can occasionally climb ramps and stairs, but never ropes, ladders or scaffolds; they can occasionally balance, stoop, crouch, crawl, and kneel; they can sit 6 hours and stand and/or walk 2 hours in an 8-hour day. . . .

To the extent that an ALJ accepts a physician's opinion, they must incorporate the limitations contained in that opinion into the RFC. *See Magallanes v. Bowen,* 881

1  F.2d 747, 756 (9th Cir. 1989). When the RFC is incomplete, the hypothetical question

2  presented to the vocational expert at step five is also incomplete, "and therefore the

3  ALJ's reliance on the vocational expert's answers [is] improper." *Hill v. Astrue*, 698 F.3d

4  1153, 1162 (9th Cir. 2012).

5        Here, the ALJ accepted Dr. Hale's opinion, but did not include his limitation that

6  plaintiff is only capable of sedentary work. *See* AR 23. The Commissioner argues that

7  Dr. Hale did not opine plaintiff would be limited to a sedentary level of work, and that the

8  mention of "sedentary" in his opinion referred to plaintiff's inability to perform the full

9  range of light work. Dkt. 13, p. 5. To support this interpretation, the Commissioner points

10  to the exertional limitations Dr. Hale assigned to plaintiff – occasionally lifting and/or

11  carrying 20 pounds and frequently lift and/or carry 10 pounds. AR 127.

12        According to Social Security regulations, sedentary work involves "lifting no more

13  than 10 pounds at a time and occasionally lifting or carrying articles like docket files,

14  ledgers, and small tool," while light work involves "lifting no more than 20 pounds at a

15  time with frequent lifting or carrying of objective weighing up to 10 pounds." *See* Social

16  Security Ruling ("SSR") 83-10. But the regulations further explain that "the primary

17  difference between sedentary and most light jobs" is that light work "requires a good

18  deal of walking or standing," whereas sedentary jobs consist of a period of standing or

19  walking no more than two hours within an eight-hour workday and sitting for a maximum

20  of six hours within an eight-hour workday. *Id*.

21        In his opinion, Dr. Hale found that plaintiff could stand and/or walk for a total of

22  two hours and sit for six hours in an eight-hour workday. AR 127-29. Dr. Hale's

assessment of plaintiff's vocational factors also states that he found plaintiff's maximum sustained work capability is "SEDENTARY." AR 133.

Dr. Hale identified three occupations that plaintiff could perform: addresser, table worker, and dial marker. AR 133. Notably, these occupations are categorized as sedentary work. Dictionary of Occupational Titles ("DOT") 209.587-010, 1991 WL 671797; DOT 739.687-182, 1991 WL 680217; DOT 729.684-018, 1991 WL 679720.

The record shows Dr. Hale's opined a sedentary work limitation for plaintiff. As the ALJ credited Dr. Hale's opinion, there is ambiguity in the record concerning the sedentary work limitation that Dr. Hale assigned to plaintiff.

Plaintiff also argues that the ALJ erred with the RFC determination by failing to incorporate the use of a cane. Dkt. 12, p. 7–8.

The opinions of Dr. Staley and Dr. Hale included exertional and postural limitations that indicated use of a cane. AR 105-06, 128. In explaining plaintiff's exertional limitation. Dr. Staley wrote: "antalgic gait favoring r hip and using cane." AR 105. In explaining plaintiff's postural limitations, Dr. Staley and Dr. Hale both wrote: "l/s and bilat hop loss of motion; using cane with antalgic gait." AR 106, 128.

An error is harmless only if it is not prejudicial to the claimant or "inconsequential" to the ALJ's "ultimate nondisability determination." *Stout v. Comm'r Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006).

The ALJ included postural restrictions in plaintiff's RFC—occasionally balancing, stooping, crouching, crawling, and kneeling—but did not mention that plaintiff is limited by the assistance of a cane. *See* AR 23. The ALJ credited the opinions of Dr. Staley

1  and Dr. Hale, yet they did not state that plaintiff required a cane; therefore the ALJ's
2  failure to include a requirement for a cane in the RFC determination was harmless.
3        Plaintiff argues that the ALJ also erred with the RFC determination for failing to
4  incorporate the mental limitations opined by Dr. Brown and Dr. Comrie. Dkt. 12, pp. 10–
5  12; AR 89, 131.
6        The RFC does not include the *adaptation* limitations assigned by either doctor,
7  both of whom the ALJ credited. AR 23. The limitations reflect only the understanding
8  and memory, social interaction, and environmental limitations from the medical opinions
9  of Dr. Brown (AR 88-89) and Dr. Comrie. AR 130-31. The ALJ's failure to include
10 adaptation limitations into the RFC determination was error. *Hill v. Astrue*, 698 F.3d
11 1153, 1162 (9th Cir. 2012).
12       The Commissioner argues the ALJ did not err, because an ALJ does not need to
13 explicitly include the doctors' findings or narrative explanations verbatim, and that an
14 ALJ can translate a medical source's findings into a "succinct RFC." Dkt. 13, p. 8, citing
15 *Rounds v. Comm'r Soc. Sec. Admin.*, 807 F.3d 996, 1005-06 (9th Cir. 2015). Although
16 the ALJ considered all the mental limitations assigned by Dr. Brown and Dr. Comrie, the
17 RFC does not include either an explicit reference or a "translation" of the adaptation
18 limitations.
19    D.  <u>Whether the ALJ Erred At Step Five of the Sequential Evaluation</u>
20       Plaintiff assigns several aspects of ALJ's findings at step five, but as discussed
21 above, the Court has found that the ALJ erred with the RFC assessment and did not
22 accurately include all of plaintiff's functional limitations relating to migraines; also, the
23 ALJ did not consider adaptation limitations opined by Dr. Brown and Dr. Comrie. And,
24
25

there is ambiguity concerning Dr. Hale's opinion with respect to whether plaintiff's limitations cause him to be restricted to sedentary work. Therefore, the hypothetical question the ALJ posed does not completely and accurately describe plaintiff's functional capabilities. AR 66-69. Accordingly, the ALJ's step five determination which is based on the vocational expert's testimony cannot be upheld. *Hill v. Astrue*, 698 F.3d 1153, 1162 (9th Cir. 2012).

An error is harmless only if it is not prejudicial to the claimant or "inconsequential" to the ALJ's "ultimate nondisability determination." *Stout v. Comm'r Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006). These errors potentially affect the hypotheticals provided to the VE, the record is uncertain and ambiguous, and therefore the errors would be consequential to the ALJ's decision regarding plaintiff's disability.

### E.  Remand With Instructions for Further Proceedings

"'The decision whether to remand a case for additional evidence, or simply to award benefits[,] is within the discretion of the court.'" *Trevizo v. Berryhill*, 871 F.3d 664, 682 (9th Cir. 2017) (quoting *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir. 1987)). If an ALJ makes an error and the record is uncertain and ambiguous, the court should remand to the agency for further proceedings. *Leon v. Berryhill*, 880 F.3d 1041, 1045 (9th Cir. 2017). Likewise, if the court concludes that additional proceedings can remedy the ALJ's errors, it should remand the case for further consideration. *Revels*, 874 F.3d at 668.

The Ninth Circuit has developed a three-step analysis for determining when to remand for a direct award of benefits. Such remand is generally proper only where

> "(1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to

provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand."

*Trevizo*, 871 F.3d at 682-83 (quoting *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014)).

The Ninth Circuit emphasized in *Leon v. Berryhill* that even when each element is satisfied, the district court still has discretion to remand for further proceedings or for award of benefits. 80 F.3d 1041, 1045 (9th Cir. 2017).

Here, the proper remedy is a remand for further proceedings.

## CONCLUSION

As discussed above, the ALJ harmfully erred in evaluating medical opinion evidence, and improperly evaluated plaintiff's subjective symptom testimony about his migraine headaches. On remand, the ALJ is directed to re-evaluate the medical opinions and plaintiff's statements, allow plaintiff to provide additional testimony and other evidence, as necessary to clarify the record.

Based on the foregoing discussion, the Court finds the ALJ erred when they determined plaintiff to be not disabled. Defendant's decision to deny benefits therefore is REVERSED and this matter is REMANDED for further administrative proceedings.

Dated this 9th day of May, 2022.

Theresa L. Fricke
United States Magistrate Judge

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS - 14